## In re FITZGERALD.

### (District Court, D. Connecticut. July 28, 1911.)

#### No. 2,564.

BANKRUPTCY (§ 140*).—TITLE OF TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE.

Where claimant, the bankrupt's mother-in-law, loaned him $200 to buy fixtures for a grocery business, and after he bought them he gave her a written conveyance of them, and she took possession on the same day and immediately gave him a conditional bill of sale, duly recorded, the transaction was merely colorable, and the property passed to the trustee, notwithstanding the good faith of the parties.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

In the matter of Robert E. Fitzgerald, bankrupt. On decision of referee as to the claim of Mrs. Margaret Welch. Decision affirmed.

The following is the decision of Referee Newton:

In the matter of the claim of Margaret Welch to certain personal property which was in the possession of the bankrupt at the time of his adjudication in bankruptcy, May 27, 1911. Margaret Welch is the mother-in-law of the bankrupt. The facts as agreed to are as follows: She loaned him $200 to buy the fixtures for the grocery business. He bought the fixtures, and on September 20, 1910, gave her a written conveyance of them; and it is claimed that she at once took possession, and thereupon, on said September 20, 1910, she gave to him a conditional bill of sale, correct as to form, which was duly and immediately recorded. This transaction took place before the store was opened.

The question is: Is she entitled, under these circumstances, to hold the property against the trustee? The money was actually advanced by said Margaret Welch, and the whole transaction was in good faith, and she and said Fitzgerald both believed that the conditional bill of sale would protect said Welch against an attachment and against bankruptcy proceedings. The two bills of sale are made a part of this memorandum. Nothing has been paid by Fitzgerald on the conditional bill of sale. With regret I feel obliged to hold that the property passes to the trustee, and that the conditional bill of sale is void.

By agreement of all parties, it is ordered that the trustee sell the property and hold the money until the decision of the judge, and, as the parties desire a review, as the quickest and simplest way of obtaining the opinion of the judge, I have allowed them to waive filing a petition, and send this memorandum to the judge, with the understanding on all hands that he shall pass upon the matter and render his decision without any hearing or argument.

PLATT, District Judge. Would the proceedings set forth in the memorandum have protected Fitzgerald against a bona fide creditor under our state law? is the only question in the case.

Mrs. Welch might have bought the property herself, and have given him a conditional bill of sale, in which case she would have been protected; but unfortunately she did not take that course. She loaned him the money to buy the fixtures. After he bought them, they were his fixtures, and he still owed her the money which she loaned him to buy them with. His transfer of them to her by the written assignment of September 20th, and attempt to place her in possession, is a mere fiction, and does not do what the parties sought to do, and

their good faith and honest intention does not help them out in the least.

Sections 4864 and 4865 of the Connecticut Statutes of 1902 have not changed the law in regard to retention of possession by the vendor. This has been twice decided by our highest court. Property sold by the bankrupt, but retained in his possession, is subject to be taken by bona fide creditors as his property, and the good faith of the parties makes no difference.

The decision of the referee, which is explained in his memorandum, is affirmed.